IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT JAVON OAKES, 1518172,<br>      Petitioner, | )<br>)<br>) |
| v. | )  No. 3:09-CV-1913-M |
| | ) |
| RICK THALER, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br>      Respondent. | )<br>)<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was referred to the United States Magistrate Judge for Findings, Conclusions, and Recommendation pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.

**FINDINGS AND CONCLUSIONS:**

**I.     Procedural Background**

Petitioner challenges his conviction for aggravated sexual assault. *State of Texas v. Robert Javon Oakes*, No. F06-89570-M (195th Jud. Dist. Ct., Dallas County, Tex., July 14, 2008). Petitioner pled guilty to the charge and was sentenced to twenty years' confinement. (Record[1] ("R") 63-65.) Petitioner appealed and on October 10, 2008, the Fifth District Court of Appeals at Dallas issued a mandate denying Petitioner's appeal with a Memorandum Opinion which shows that

---

[1]   References to the state habeas corpus proceedings are designated "R." The transcript of the guilty plea hearing is Exhibit 3 to the petition and is designated "Tr."

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

Petitioner pled guilty pursuant to a plea bargain and had no right to appeal. *Oakes v. State*, No. 05-08-01344-CR (Tex. App. – Dallas, Oct. 14, 2008).

On May 14, 2009, Petitioner filed a state application for habeas corpus. *Ex parte Oakes*, No. 72,153-01. On June 24, 2009, the Court of Criminal Appeals denied the application without written order. Petitioner did not file a petition for discretionary review.

On October 9, 2009, Petitioner filed this § 2254 petition. He argues:

1. The Texas judiciary erred in ruling that the Petitioner did not receive ineffective assistance of counsel, in that counsel coerced a plea that otherwise would not have been given.

2. Petitioner is entitled to an evidentiary hearing on these matters.

## II.   Discussion

## 1.   Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

2. **Evidentiary Hearing**

The Court will consider first Petitioner's claim that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim. Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. The statute states that "a determination of a factual issue made by a state court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Consistent with this presumption, § 2254 allows an evidentiary hearing in federal court only under narrow circumstances:

> If the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 3**

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). Petitioner does not argue, and this Court does not find that either of the circumstances in § 2254(e)(2) existed in the present case.

Thus, review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ----U.S.----, 131 S.Ct. 1388, 1398 -1399 (2011). Section 2254(d) applies even where there has been a summary denial. *See Harrington v. Richter*, 562 U.S.---, ---, 131 S.Ct. 770, 786 (2011). Under these circumstances, Petitioner can satisfy the "unreasonable application" prong of § 2254(d)(1) only by showing that "there was no reasonable basis" for the Texas court of Criminal Appeals' decision. *Id.*, at ---, 131 S.Ct. at 784. "[A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.*, at ---, 131 S.Ct., at 786. This court has thoroughly reviewed the state court record and concludes that Petitioner has failed to meet that high threshold. Petitioner's request for an evidentiary hearing should be denied.

**3.    Guilty Plea/Ineffective Assistance of Counsel**

Petitioner alleges his trial counsel did not spend adequate time with him and coerced his plea of guilty. There is no dispute that the clearly established federal law here is *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome that presumption, a

defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id*. at 688. Even if counsel is proven deficient, a defendant must prove prejudice. *Id.* at 691–692. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* That probability requires a "substantial," not just a "conceivable," likelihood of a different result. *Richter,* 562 U.S., at -----, 131 S.Ct., at 791.

Petitioner argues his counsel coerced him into pleading guilty because his counsel informed him he would receive more time if he went to trial rather than accepting the state's plea offer of twenty years. However, defense counsel "should make informed predictions about the consequences of either pleading guilty or going to trial." *United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002). A defense attorney's warnings about the potential for a lengthy prison sentence does not compromise the voluntariness of a guilty plea. *Urseti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987) (finding plea voluntary where attorney warned client he would be lucky to get 99 years if he went to trial).

Further, Petitioner's claims are conclusory and should be dismissed. Petitioner claims that his counsel provided ineffective assistance by failing to investigate and by failing to interview witnesses. Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 691. Petitioner fails to show what his counsel failed to investigate, to show what the investigation would have revealed, and demonstrate how the results of the investigation likely would have resulted in a different outcome.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 5**

*Id.* Similarly, Petitioner fails to name any witnesses his counsel allegedly failed to contact. Nor does he provide evidence of what their testimony would have been. Moreover, the record is devoid of affidavits from witnesses showing that they would have been available to testify at the trial and describing the testimony that the witnesses would have offered. Further, during the plea colloquy, Petitioner admitted that counsel had done everything Petitioner had asked him to do. (Tr. 6.) Counsel questioned Petitioner further, "Anything you've told me to do, I've attempted to run down those leads?" Petitioner replied, "Yes, sir." (*Id.*) Petitioner fails to show that there is a reasonable possibility that any absent witness's testimony would have altered his decision to plead guilty. Accordingly, Petitioner has not shown that his counsel's performance was deficient for failing to investigate and for failing to contact witnesses.

Additionally, Petitioner stated counsel had not said anything inappropriate to him during his representation and had in no way coerced him to make the decision to plead guilty. (*Id.*) When Petitioner was given an opportunity to state to the court any reasons that he had to not find his attorney satisfactory, he complained of a dispute about the money being paid his attorney and that he didn't feel his counsel had demonstrated preparedness for trial. His attorney indicated that he would represent him for free, if necessary, if Petitioner wanted to go to trial. (*Id.* at 7.) Petitioner proceeded to plead guilty because he felt pleading guilty would "benefit [him]." (*Id.*)

Petitioner has not presented any evidence to demonstrate that he was coerced into a plea of guilty. Petitioner's mere claims are insufficient to establish incompetence where he offers no other evidence. *Thompson v. Blackburn*, 776 F.2d 118, 124 (5th Cir. 1995). Petitioner has failed to show

that that the Texas Court of Criminal Appeals concluded unreasonably that his counsel's statements did not coerce Petitioner's guilty plea.

Additionally, the record shows that the Texas Court of Criminal Appeals concluded correctly that Petitioner's guilty plea was voluntarily entered. Defendants challenging their guilty pleas on collateral review must overcome a "strong presumption of verity" accorded "solemn declarations" made in open court. *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Defendants must also overcome the presumption of regularity and the "great weight" accorded court documents. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight").

In this case, Petitioner signed a judicial confession, in writing and in open court, stipulating to the evidence and waiving the appearance, confrontation, and cross-examination of witnesses. He judicially confessed to the facts showing that he unlawfully caused the penetration of the female sexual organ of the complainant without her consent by means of an object, to wit, his finger, and that in the course of the criminal episode he used and exhibited a deadly weapon, to wit, a firearm, as charged in the indictment. *Ex parte Oakes*, No. 72,153-01 at 68. Additionally, Petitioner testified at the plea hearing that he was pleading guilty to everything in the indictment and that he understood he would not be eligible for parole until he served half of his sentence because he had used or exhibited a handgun during the course of the offense. (Tr. 5-6.) Petitioner has failed to overcome

the presumption that counsel provided reasonably effective assistance in his representation of Petitioner.

Petitioner is lawfully restrained because the record conclusively shows that he has not met the *Strickland* standard to show deficient performance by his counsel that resulted in prejudice. Accordingly, the state courts' decision to deny relief is not contrary to nor does it involve an unreasonable application of clearly established federal law. It is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 30th day of November, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 8**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 9**